Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| YESH MUSIC, LLC, | Case No.: 20-cv-6271 |
| Plaintiff, | **ECF CASE** |
| v. | **COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT** |
| DMA INC., | |
| Defendant. | |

-------------------------------------------------------------x

Plaintiff YESH MUSIC, LLC, by and through the undersigned counsel, brings this Complaint and Jury Demand against defendant DMA INC. a/k/a DRAGON MARTIAL ARTS INC. for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the "DMCA"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

## JURISDICTION AND VENUE

1. This court has Infringing matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

## SPECIFIC JURISDICTION

2.	CPLR § 302 (a)(3) authorizes this Court to exercise jurisdiction over nondomiciliaries who commit a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if it: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

3.	At bar, defendant is nondomiciliary headquartered in Arlington, TX.

4.	Defendant intentionally infringed plaintiff's exclusive rights to its copyrighted recordings and compositions *4BC*, *Wake Up Summer*, and *Ghosts* (the "Copyrighted Tracks") by copying, distributing, publicly performing, and synchronizing the Copyrighted Tracks to an advertisement (the "Infringing Advertisement") without a license or authority; this is a tort committed outside the state.

5.	Defendant elected to continue to infringe after each notice, knowing its actions would have consequences in this Judicial District.

6.	The Copyrighted Tracks at issue here were used by defendant to promote its products, and overall company.

7.	Defendant generates substantially all of its revenue from interstate commerce.

8.	Defendant regularly does or solicits business, or engage in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state.

9.	Jurisdiction is conferred over defendant pursuant to CPLR §§ 302(3)(i) and (ii).

## VENUE

10.     A plaintiff may bring a case in: "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . . ; or, (3) if there is no district in which an action may otherwise be brought . . . a judicial district in which any defendant is Infringing  to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1)-(3).

11.     At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## DUE PROCESS

12.     There are no due process concerns in light of the fact that defendant committed an intentional tort that it knew had an effect in this Judicial District.

13.     Defendant frequently contracts with companies in this Judicial District and aims its marketing at this Judicial District such that it reasonably knows it may be haled into this forum.

## PARTIES

14.     Plaintiff YESH MUSIC, LLC is a New York limited liability company with a headquarters located at 75-10 197th St, 2nd Floor, Flushing, NY 11366.

15.     Upon information and belief, defendant DMA INC. a/k/a DRAGON MARTIAL ARTS INC. ("DMA") is a corporation formed under the laws of Texas with a primary headquarters located at DMA, Inc. 3015 E. Randol Mill Rd Arlington, TX 76011.

**FACTS**

16. Plaintiff is the sole owner of the original musical recordings and compositions titled *4BC* -- U.S. Copyright Registration No. SRu 1 -278-417; *Wake Up Summer* – U.S. Copyright Registration No. SRu 1-232-314; and, *Ghosts* – U.S. Copyright Registration No. SRu 1-232-312 See **Exhibit 1.**

17. Defendant caused to be created a video advertisement titled "DMA NASGW Final" which defendant posted to defendant's YouTube page located at <https://www.youtube.com/watch?v=4cQn8HNawHY> (the "Infringing Advertisement").

18. The Copyrighted Tracks runs from: (i) *4BC* -- start to 3:50; (ii) *Wake Up Summer* -- 4:04 to 7:14; and (iii) *Ghosts* -- 7:28 to 11:25.

19. Defendant did not have the right to copy, distribute, publicly display, or synchronize the Copyrighted Track.

20. Defendant created the Infringing Advertisement for the 2017 National Association of Sporting Goods Wholesalers ("NASGW") trade show.

21. The NASGW trade show provides "an unmatched educational, marketing and communications opportunity for the hunting and shooting sports wholesaler, manufacturer and sales professional."

22. Defendant played the Infringing Advertisement on a loop at its booth at the 2017 NASGW trade show.

23. Plaintiff conducts dozens of searches in every year since the Infringing Advertisement was uploaded. The Infringing Advertisement was first discovered on October 3, 2020.

24. Plaintiff immediately notified defendant on October 3, 2020 that there was no license. See **Exhibit 2**.

25. Defendant ignored the notice from plaintiff.

26. Plaintiff, through counsel, notified defendant of its acts of infringement a second time on December 5, 2020. See **Exhibit 3**.

27. Defendant responded on October 7, 2020 stating the Infringing Advertisement was removed, but refused to address its acts of infringement. See **Exhibit 4**.

28. Defendant responded by email dated December 7, 2020, claiming the Infringing Advertisement was created by an ex-employee and was never approved by the defendant.

29. Defendant's excuses woefully fail based on the undisputed facts: (i) the Infringing Advertisement was created by defendant, (ii) it was played by defendant at its booth at the 2017 NASGW trade show, (iii) defendant uploaded the Infringing Advertisement to its YouTube page; and (iv) defendant continued to infringe after notice.

30. Defendant knew it was infringing plaintiff's exclusive rights when it copied and synchronized the Copyrighted Tracks without a license.

31. Defendant knew it was infringing plaintiff's exclusive rights when it uploaded, distributed, and publicly displayed the Infringing Advertisement on its YouTube page.

32. Defendant infringed plaintiff's exclusive rights as set forth in Section 106 of the Act, and its knowledge of the infringement and failure to comply with multiple notices satisfies the "reckless disregard" standard for enhanced damages set forth in Section 504(c) of the Act.

33. Defendant did not include any identifying information in the Infringing Advertisement which would have allowed plaintiff to identify defendant's use of the

5

Copyrighted Tracks.  Specifically, the Infringing Advertisement omits the Copyrighted Tracks' title, album name, author, label, and copyright owner.

34. Defendant's removal, and its failure to include any copyright management information ("CMI") after notice are violations of 17 U.S.C. § 1202 – the DMCA.  Plaintiff is entitled to up to $25,000 for each violation of the DMCA pursuant to Section 1203 of the DMCA, plus reasonable costs and attorneys' fees.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

35. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

36. It cannot be disputed that plaintiff has valid, registered copyrights, and owns all rights to the Copyrighted Tracks.

37. Defendant, without authority from plaintiff, reproduced, distributed, publicly displayed, and synchronized plaintiff's Copyrighted Tracks.

38. Defendant created and displayed the Infringing Advertisement for the sole purpose of commercial gain.

39. Defendant refused to cease and desist after multiple demands from plaintiff directly, and through counsel.

40. Defendant's use of the Copyrighted Tracks was not for criticism, comment, news reporting, teaching, scholarship, or research.

41. Defendant's use was not transformative.

42. Defendant elected to reproduce, synchronize, and/or distribute plaintiff's Copyrighted Tracks, using the entirety of the tracks, without a license.

43. As a direct and proximate result of defendant's infringement of plaintiff's exclusive rights to the Copyrighted Tracks as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of defendant's profits in excess of plaintiff's compensatory damages, and plaintiff's compensatory damages, plus costs, interest, and reasonable attorneys' fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement/reckless disregard of up to $150,000, but not less than $30,000 plus costs, interest, and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF DMCA OF 1998, AS AMENDED,
## 17 U.S.C. §§ 1201, et seq.

44. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

45. Plaintiff always distributes its copyrighted recordings, including the Copyrighted Tracks here, with CMI including the title, author, label, and name of the copyright owner.

46. Defendant could not have obtained a copy of the master recording for the Copyrighted Tracks without this information.

47. Master recordings are tightly controlled by plaintiff to prevent unauthorized commercial use – like the Infringing use at issue here.

48. A master recording is an authenticated and unbroken version of a musical recording (typically 96 kHz / 24 bit) with the highest-possible resolution—as flawless as it sounded in the mastering suite.

49. Defendant's Infringing Advertisement is synchronized to a very high-resolution copy of the Copyrighted Tracks. This high-resolution version cannot be obtained without copyright management information being included.

7

50. Defendant removed plaintiff's CMI, and then made duplicate copies, synchronized, publicly displayed, and/or distributed the Copyrighted Tracks without plaintiff's CMI.

51. Defendant failed to include any information which identified the Copyrighted Tracks, the author of the Copyrighted Tracks, the owner of any right in the Copyrighted Tracks, or information about the terms and conditions of use of the Copyrighted Tracks.

52. Defendant continued to publicly display the Infringing Advertisement with no attribution after YouTube, and plaintiff separately informed defendant that it was infringing plaintiff's rights to the Copyrighted Tracks.

53. Defendant violated the DMCA each time it wrongfully distributed the Infringing Advertisement.

54. Defendant did the forgoing with the intent to conceal the infringement.

55. Plaintiff seeks award of statutory damages for each violation of Section 1202 of the DMCA in the sum of $25,000.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1. restitution of defendant's unlawful proceeds in excess of plaintiff's compensatory damages;

2. compensatory damages in an amount to be ascertained at trial;

3. statutory damages to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4. an award of statutory damages for each violation by defendant of the DMCA, 17 U.S.C. § 1202;

5. reasonable attorneys' fees and costs (17 U.S.C. § 505);

6. pre- and post-judgment interest to the extent allowable; and,

7. such other and further relief that the Court may deem just and proper.

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: December 28, 2020  **GARBARINI FITZGERALD P.C.**
New York, New York

By: _Richard M. Garbarini_
Richard M. Garbarini (RG 5496)